PER CURIAM.
Plaintiff appeals from the decision of the Tax Court dismissing, as barred by the statute of limitations and res judicata, his complaint challenging the action of the Director of the Division of Taxation (Director) in docketing a Certification of Debt. We affirm.
*158 By correspondence dated January 21, 1980, Herman P. Weinberg (plaintiff), a Pennsylvania lawyer, received notice from the Director that the Director intended to have a Certification of Debt in the amount of $228,258.37 docketed in the Superior Court of New Jersey as a judgment against him in favor of the Director. The notice indicated that the unpaid taxes in question related to Friendly Ford, Inc. The Director took that action because he had determined that Weinberg was a responsible officer of that corporation, which had failed to pay an assessment for unpaid sales tax made against it by the Director.
The Certificate of Debt was docketed in the Superior Court on January 28, 1980. After some correspondence between Weinberg’s former attorney and the Director in February and March 1980 concerning the Certificate of Debt docketed against Weinberg, the Division heard nothing further from Weinberg or his attorney until January 14, 1988, when Weinberg filed a motion in the Superior Court, Law. Division under R. 1:6-2 seeking an order canceling and discharging the judgment that had been entered in the Superior Court as a result of the docketing of the Certificate of Debt. The motion was based on Weinberg’s allegations that (i) he was not a responsible officer of Friendly Ford, Inc., (ii) he therefore was not responsible for the corporation’s unpaid sales tax liability within the meaning of 11 U.S.C. § 523, and (in) his debt to New Jersey had been discharged as a result of the order dated January 19, 1983 of the Honorable William A. King, Jr., Bankruptcy Judge for the Eastern District of Pennsylvania. That order discharged Weinberg from all debts dischargeable in bankruptcy.
On May 2, 1988, Judge Kleiner, sitting in the Law Division, entered an order transferring the matter to the Tax Court for disposition. On January 20,1989, the Director cross-moved for an order denying Weinberg’s motion based in part on the ground that it was barred by the statute of limitations. By order dated April 26, 1989, Judge Lario denied Weinberg’s motion “for lack of jurisdiction of the Tax Court in that the statutory time period for filing appeals from the Director’s action has expired.”
*159 In an “Amplification of Ruling on Motion” accompanying the order, Judge Lario reasoned that because Weinberg was attempting to argue the facts underlying the imposition of the Certificate of Debt, his motion was untimely under N.J.S.A 2A:3A-4.1(b)2, which requires that an appeal from the action of the Director be made within ninety days. He concluded:
Although this court originally had jurisdiction to hear an appeal from the Director’s action, had one been filed within the statutory time period, since Weinberg failed to file an appeal with this court within this statutory time frame and because a statutory time limitation cannot be relaxed or enlarged by court order or rule, ... this court cannot entertain [his] appeal. Therefore, his motion is denied.
Pursuant to Judge Lario’s April 26, 1989 order, the matter was transferred back to the Superior Court, Law Division, for further disposition by that court. On February 16, 1990, Judge Kleiner entered an order denying Weinberg’s motion to discharge and cancel the Certificate of Debt.
Weinberg appealed to this court from Judge Kleiner’s February 16 order. On September 11, 1990, following a conference under the Civil Appeals Settlement Program wherein Weinberg voluntarily withdrew his appeal, we entered an order dismissing such appeal “with prejudice.”
On April 3,1991, Weinberg filed this complaint in the Tax Court seeking to vacate the same Certificate of Debt which had been at issue in the earlier proceeding. On August 29, 1991, the Director filed a motion to dismiss the complaint for failure to comply with the applicable statute of limitations. In December 1992, Judge Rimm sua sponte raised the issue of the impact of res judicata, i.e., the order of Judge Lario of the Tax Court in an earlier matter involving the same issue. As a result, supplemental briefs were filed.
By oral opinion rendered on May 7, 1993, Judge Rimm granted the Division’s motion to dismiss the complaint. He based his decision upon two grounds. First, Weinberg’s complaint challenging the Director’s action in docketing the Certificate of Debt was barred by the applicable statutes of limitations; and second, the doctrine of res judicata and collateral estoppel applied to bar *160 Weinberg’s Tax Court complaint since the issue of the application of the statute of limitations had been dealt with in the earlier action presided over by Judge Lario.
Weinberg has appealed from the judgment entered by Judge Rimm arguing that plaintiffs complaint is not barred by the statute of limitations nor by the prior order of the court. The Director responds that the Tax Court lacked jurisdiction since Weinberg’s complaint was not timely and the Tax Court’s judgment should be affirmed because principles of res judicata or issue preclusion required the Tax Court to dismiss plaintiffs complaint for lack of jurisdiction.
We affirm substantially for the reasons given by Judge Rimm in his oral decision of May 7, 1993.